IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § § | |
| **Plaintiff,** | § § | |
| | § | **CIVIL ACTION NO.** |
| v. | § § | |
| **BURROW GLOBAL SERVICES, LLC** | § § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |

ORIGINAL COMPLAINT
OF THE
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

TO THE HONORABLE UNITED STATES DISTRICT COURT:

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age, and to provide appropriate relief to Michael Raibon. As alleged with greater particularity in paragraphs 8 - 17 below, Burrow Global Services, LLC ("Burrow" or "Defendant") fired Michael A. Raibon ("Raibon") because of his age. Although Burrow stated that it "laid off" Mr. Raibon due to a supposed "Lack of work," Raibon's supervisor dismissed Raibon because of his age, assigned the projects Raibon was working on at the time of his dismissal to a substantially younger worker, and then replaced Raibon with another worker who was more than 25 years younger than Raibon.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which

incorporates by reference Sections 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, Burrow Global Services, LLC, has continuously been a Texas Limited Liability Company doing business in the State of Texas and the City of Baytown, and has continuously had at least 20 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

**STATEMENT OF CLAIMS**

7.      On or about August 2017, Defendant engaged in unlawful employment practices at its client site at the Chevron Phillips plant in Baytown, in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a)(1).

8.      In January 2014, Michael Raibon -- who was born in 1953 -- began working as a Senior Electrical Designer for a company that Burrow purchased around Autumn 2015. Burrow employed Raibon as an I&E (Instrument/Electrical) Design Coordinator, the position he held at the time of his termination. Although employed by Burrow, Raibon was assigned to work at a Chevron Phillips chemical plant (Cedar Bayou) in Baytown, Texas.

9.      Around February 2017, Hamilton Orellana became Raibon's supervisor. Orellana was the Engineering Services Site Manager for Burrow.

10.     At one of Raibon's first meetings with his new supervisor, Orellana asked Raibon if he was saving for retirement. Orellana frequently stated to Raibon that Raibon was old enough to retire, and asked Raibon questions such as "When are you going to retire?" and "What are you doing with your money now, just saving for retirement?" One time, after Raibon called in to advise that he would be late for work, Orellana told Raibon upon his arrival "I thought you had retired." Orellana's persistent comments about retirement made Raibon uncomfortable.

11.     On Thursday, June 22, 2017, Orellana sent an email to Loretta Watkins (Senior Vice President) and Darlene Coffman (Account Manager, Plant Services) which stated, "on Monday we will have the performance evaluation review with Michael therefore I would like to take the opportunity to place him in a formal process improvement plan." Orellana, Coffman, and Raibon met around June 26, 2017, to discuss Raibon's annual performance evaluation, but Burrow never advised Raibon that it was placing him on a process improvement plan ("PIP").

12. By email dated July 3, 2017, Coffman's assistant sent Raibon a copy of the Performance Evaluation Review. The email did not state that Raibon had been placed on a PIP, nor did the evaluation. The evaluation form did state "Revisit evaluation in 60 days"; Raibon understood that he and Orellana would meet and discuss Raibon's work performance sixty days from the evaluation.

13. On August 17, 2017, however -- less than 60 days from the date of the evaluation -- Orellana emailed Senior Vice President Loretta Watkins to advise "I'm planning on releasing Michael today." In the weeks preceding this August 17, 2017, email, Orellana had dismissed two other workers who were older than 45 from a work group that had approximately 15 workers.

14. Around 5:30 PM that same day (August 17), Orellana called Raibon into his office and advised him that "Burrow Global no longer needed your services." Raibon asked why his employment was being terminated. Orellana refused to answer. Orellana told Raibon that he needed to talk to Loretta Watkins or Darlene Coffman.

15. The Burrow "Termination Report" states that Raibon's last day worked was August 17, 2017, but that his official Date of Termination was September 1, 2017. The reason given for Raibon's "Layoff" was "Lack of work/ROF." Raibon is listed as being Eligible for Rehire.

16. At the time of Raibon's termination, there was not a "Lack of work." Raibon, at the time of his dismissal, was working on multiple projects which had approximately 200 man-hours remaining on their respective contracts. In addition to those projects, Raibon was working on two "E&I packages," which would have required numerous additional hours of work. Burrow

4

retained Raibon's younger co-worker, who was in his twenties at the time, and tasked him with completing work that Raibon had previously been assigned.

17. In Fall 2017, after Burrow had dismissed Raibon, Burrow's work at the Chevron Phillips facility at which Raibon had been working was disrupted by Hurricane Harvey. When the plant returned to full operations in early 2018, Burrow offered Raibon's former position to a candidate born in 1981, Dustin Black. Despite Raibon being "Eligible for Rehire," Burrow did not attempt to call him back or rehire him, but instead replaced him with the younger employee.

18. The effect of the practices complained of in paragraphs 8-17, above, has been to deprive Michael Raibon of equal employment opportunities and otherwise adversely affect his status as an employee because of his age.

19. The unlawful employment practices complained of in paragraphs 8-17, above, were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Burrow, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from dismissing employees from employment because of their age.

B. Order Defendant Burrow to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant Burrow to pay appropriate back wages in an amount to be determined at trial, and an equal sum as liquidated damages, or prejudgment interest

in lieu thereof, to individuals whose wages are being unlawfully withheld as a result of the acts complained of above, specifically to Michael A. Raibon.

D. Order Defendant Burrow to make whole Michael Raibon by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to reinstatement of Michael Raibon, or alternatively providing front pay to Michael Raibon.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Sharon Fast Gustafson
General Counsel

James Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

        __/s/_Timothy_M._Bowne_____
Timothy M. Bowne
Senior Trial Attorney
Attorney-in-Charge
Texas Bar No. 00793371
Southern Dist. of Texas No. 20023
Equal Employment Opportunity Commission
1919 Smith Street, Suite 600
Houston, Texas 77002
(346) 327-7702
(713) 651-7995 [facsimile]
timothy.bowne@eeoc.gov

OF COUNSEL:

Rudy L. Sustaita
Regional Attorney

Kathy D. Boutchee
Supervisory Trial Attorney
Equal Employment Opportunity Commission
1919 Smith Street, Suite 600
Houston, Texas 77002