United States District Court
Southern District of Texas
**ENTERED**
March 26, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br> Plaintiff, <br><br> v. <br><br> BURROW GLOBAL SERVICES, LLC, <br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 4:20-cv-00423 |

**CONSENT DECREE**

THIS CONSENT DECREE ("Decree") is made and entered into by and between the U.S. Equal Employment Commission ("EEOC" or "Plaintiff") and Burrow Global Services, LLC ("Burrow Global" or "Defendant") (Plaintiff and Defendant are collectively referred to herein as "the Parties"), with regard to the EEOC's Complaint (the "Complaint"), filed in the above-entitled Civil Action No. 4:20-cv-00423, in the United States District Court for the Southern District of Texas, Houston Division (the "Lawsuit"). The Complaint was based on a Charge of Discrimination (the "Charge") filed by Michael A. Raibon ("Raibon" or "Charging Party") against Defendant under Charge No. 460-2018-02371.

I.

The above-referenced Complaint filed by the EEOC alleges that Defendant violated the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. § 621, *et seq*., by subjecting Raibon to an adverse employment action, termination, on the basis of his age, over 40. Defendant denies the claims and allegations alleged in the Charge and Complaint, and this Decree shall not constitute an admission of liability.

1

The Parties agree to compromise and settle the differences embodied in the Charge and Complaint and intend that all the terms and conditions of the compromise and settlement between the Parties be set forth in this Consent Decree ("Decree").

II.

In consideration of the mutual promises and agreements set forth in this Decree, the sufficiency of which is hereby acknowledged, the Parties agree as follows and the Court ORDERS that:

1. This Decree resolves all issues raised by the Charge, the Complaint and this Lawsuit. The EEOC waives any further claims and/or litigation on all issues raised in the above-referenced Charge and Complaint, other than any litigation filed to enforce the terms of this Decree. However, this Decree in no way affects the EEOC's right to process and/or litigate charges of discrimination against Defendant other than the above-referenced Charge, and the EEOC makes no waiver of such right.

2. The Parties agree that this Court has jurisdiction over the subject matter of this action and the Parties, that venue is proper in this Court, and that all administrative prerequisites have been satisfied.

3. The Parties agree that the term of this Decree shall be three years, which will commence on the date this Decree is entered by this Court.

4. Defendant is hereby enjoined from engaging in, promoting, or knowingly allowing employees in its workplace to be subjected to age discrimination, as defined and prohibited by the ADEA.

5. Defendant agrees to pay Raibon the total sum of Fifty Thousand Nine Hundred Sixty and 00/100 Dollars ($50,960) (the "Settlement Amount") in full and final settlement of all

claims which were or could have been raised in the Charge or the Lawsuit in the form of two business checks, money orders, cashier's checks, or other bank-guaranteed notes (the "Settlement Checks"), as set forth at paragraphs 6-7 below.

6. The sum of Twenty-Five Thousand Four Hundred Eighty and 00/100 Dollars ($25,480) of the total Settlement Amount is intended by the Parties to compensate Raibon for back pay and/or lost wages, and thus, shall be subject to withholding of applicable federal payroll and income taxes, and shall be paid by a separate Settlement Check, other than that described in paragraph 7 below, made payable to Michael A. Raibon.

7. The sum of Twenty-Five Thousand Four Hundred Eighty and 00/100 Dollars ($25,480) of the total Settlement Amount is intended by the Parties as liquidated damages for willful conduct, and thus, shall not be subject to any withholding of any taxes and shall be paid in one lump sum by a separate Settlement Check, other than that described in paragraph 6 above, made payable to Michael A. Raibon.

8. Within ten days of the entry of this Decree, Defendant shall deliver the Settlement Checks described in paragraphs 6-7 above directly to Raibon at the address provided by the EEOC by overnight mail through the U.S. Postal Service, the United Parcel Service, Federal Express, or a comparable service provider, at Defendant's cost or expense. Within five business days of the delivery of the Settlement Checks to Charging Party, a copy of each Settlement Check shall be provided to the EEOC certifying that payment has been made.

9. If Defendant fails to timely pay either Settlement Check, as specified in paragraphs 6-8 above, or to otherwise comply with those paragraphs, the payment shall be considered as past due and the EEOC shall be authorized to seek relief for such failure and for enforcement of this Decree in the United States District Court, with three business days' notice to and an opportunity

to cure by Defendant. If either Settlement Check described in paragraphs 6-7 above is returned by Defendant's financial institution as unpaid for any reason, including insufficient funds, the payment shall be considered to be past due and all available remedies for past due payments set forth in this paragraph shall accrue to the EEOC.

10. In the event either Settlement Check described in paragraphs 6-7 above is not timely paid, as described in paragraph 8 above, interest shall immediately accrue on the relevant portions of the Settlement Amount at the then-current IRS penalty rate and shall be immediately owed to Raibon by Defendant. Interest shall accrue at the referenced rate in an amount of no less than 30 days for each period of delinquency of 1 to 30 days and each subsequent period exceeding 30 days.

11. The Parties recognize that all or any portion of the Settlement Amount may be subject to federal income taxes in addition to the withholding specified in paragraph 6 above. Charging Party shall be responsible for paying all additional taxes owed. For the sum of back pay subject to withholding referenced in paragraph 6, Defendant shall issue and deliver to Raibon an individual Internal Revenue Service Form W-2 by January 31st of the year following the payment of the Settlement Checks. For the sum set forth in paragraph 7 representing liquidated damages, Defendant shall issue and deliver to Raibon an individual Internal Revenue Service Form 1099 by January 31st of the year following the payment of the Settlement Checks.

12. Charging Party's executed Release of Claims, in which he has, in consideration for receipt of the Settlement Amount, agreed to waive his right to recover for any claims of age discrimination under the ADEA which accrued prior to the date of the release and that were included in the claims alleged in the Lawsuit, is appended to this Decree as **Exhibit "A"** and is incorporated herein.

13. Defendant shall conspicuously and prominently post at the Burrow Global main company office, and at all plant locations where Burrow Global employees work, in an area easily accessible to all employees (such as the main break room) one or more copies of the Notice appended to this Decree as **Exhibit "B,"** which includes the requirements of the ADEA and its prohibitions against age discrimination. At Defendant's option, the Notice may be posted in other locations as well, including on the company's internal internet portal or intranet. The Notice shall be signed by a designated top officer or official of Burrow Global, and the copies which are physically posted at each location shall be at least 8½ by 11-inches in size.

14. The postings of the Notice in the designated locations, as described in paragraph 14 above, shall be accomplished within 30 days after entry of this Decree. The Notice shall remain posted in all locations designated in paragraph 14 for the full term of this Decree. Within five business days of posting all copies of the Notice, Defendant shall certify to the EEOC in writing that it has complied with this paragraph.

15. Within 30 days after entry of this Decree, Defendant shall implement or review and revise its EEO policies and procedures, including policies relating to discrimination, in particular, age discrimination and retaliation for reporting a claim of discrimination or otherwise participating in activity protected by the ADEA, to set forth the requirements and prohibitions of the ADEA. Defendant shall also implement or review and revise its procedures for making internal complaints of discrimination. Defendant shall submit the revised policies and procedures to the EEOC for approval within 45 days after entry of this Decree. The EEOC will have 20 days from receipt to mandate changes to the new or revised ADA-related policies and procedures, as described herein. Burrow Global shall implement all mandated changes.

16. Within 30 days after the expiration of the twenty-day period for the EEOC to review Defendant's revised discrimination and retaliation policies and procedures, as described in paragraph 16, and after implementing any and all changes mandated by the EEOC, as described in paragraph 16, Defendant shall distribute, electronically or by hard copy, all new or revised discrimination and retaliation policies and procedures, and procedures for reporting discrimination, to all Burrow Global employees at all locations. Defendant shall provide written notification to the EEOC of the distribution described in this paragraph within five business days following the distribution to all employees. During the term of this Decree, Burrow Global shall distribute its discrimination and retaliation policies and procedures, and procedures for reporting discrimination, to all newly hired employees via hard copy or electronically at the time each such individual's employment commences.

17. Within 90 days of the entry of this Consent Decree, and annually during the term of this Decree (on or before March 15th of each subsequent calendar year of the term), Defendant shall provide its managers, supervisors, officers, owners, executive staff, directors, and human resources personnel training regarding employment discrimination, including ADEA prohibitions regarding discrimination and retaliation. The training is to be provided by an outside, independent specialist with at least three years' experience in the field of EEO rights and statutes. The training shall be at least two hours in duration. As part of the training, all such individuals shall be advised that failure to comply with Defendant's discrimination policies, procedures and guidelines may be grounds for serious discipline, including suspension, demotion or discharge depending on the degree of misconduct.

18. Within 90 days of the entry of this Consent Decree, and annually during the term of this Decree (on or before March 15th of each subsequent calendar year of the term), Defendant

shall provide to all other employees not described in paragraph 18 training which advises these employees of their rights under employment discrimination laws, with a special emphasis on ADEA prohibitions regarding age discrimination and retaliation, and Defendant's procedures for reporting discrimination. The training shall be conducted by an outside, independent EEO specialist with at least three years' experience in the field of EEO rights and statutes qualified to conduct the training and the training shall be at least one hour in duration.

19. At least 30 days prior to the initial training sessions described in paragraphs 18-19 above, Defendant shall provide to the EEOC the name of the instructors conducting the training sessions, his or her (or their) titles or affiliations, and his or her (or their) qualifications for conducting the training, as well as a copy of the curriculums to be utilized. The EEOC will have 20 days of receipt of this information to mandate changes to the instructor or curriculum. If the EEOC notifies Defendant that it does not approve the instructors or the curriculums, Defendant shall have 15 days thereafter to make mandated changes or submit information pertaining to a new instructors or curriculums. If the instructors or curriculums utilized for any future training session changes, Defendant shall submit this information to the EEOC for review in the same manner and within the same timeframes described in this paragraph.

20. No more than 30 days after each training session described in paragraphs 18-19 above is conducted, Defendant shall provide to the EEOC a written acknowledgment of the training by each and every individual attendee. The acknowledgement shall include the name of each individual attendee, his or her job title, and the date on which he or she attended the training session. Defendant may utilize a group sign-in sheet for this purpose.

21. Within 15 days after the entry of this Decree, Defendant shall remove from all personnel files pertaining to Raibon all documents, entries, and references relating to the Charge,

the Lawsuit, this Decree and the facts and circumstances which form the basis for the Charge, the Lawsuit, and this Decree. Any such records shall be maintained by Defendant, if at all, in a separate, confidential file or files. Defendant shall report to the EEOC within 30 days after the entry of this Decree that it has complied with this paragraph.

22. If contacted for a job reference by a prospective employer of Raibon, Defendant shall provide a neutral job reference which includes his dates of employment, the position he held, and his rate of pay. Defendant may <u>not</u> indicate that Charging Party was terminated or left employment with Defendant involuntarily or under any negative circumstances, or that that he is ineligible for rehire. Nor may Defendant make any reference to the Charge, the Lawsuit or this Consent Decree.

23. Thirty days prior to the expiration of this Decree, Defendant shall provide a written compliance report to the EEOC certifying the company's compliance with all requirements of this Decree. Defendant shall identify each Decree provision, if any, as to which there has not been full compliance and in each case, Defendant shall explain the reasons for non-compliance and shall specify its plan to assure compliance with the relevant provisions, indicating a date prior to the expiration of the Decree by which compliance will be reached.

24. During the term of this Decree and while any requirements mandated by this Decree remain in effect, the Court shall retain jurisdiction to assure compliance with this Decree and to permit entry of such further orders or modifications as may be appropriate. For any breach alleged by the EEOC, other than non-payment of any portion of the Settlement Amount (for which the EEOC may seek relief pursuant to paragraph 9 of this Decree), the EEOC will provide notice to Defendant of the breach and Defendant will then have 15 business days for the opportunity to investigate and cure such breach. Should the Parties be unable to resolve a breach or other dispute

regarding this Decree, and/or the EEOC assesses that compliance has not been achieved, the EEOC is specifically authorized to seek Court-ordered enforcement of this Decree. The EEOC also reserves the right to seek contempt sanctions for non-payment and/or other non-compliance with this Decree by Defendant.

25. This Decree shall be binding on Burrow Global, all present and future directors, officers, managers, agents, successors and assigns of Defendant, and all successors-in-interest to the business owned or managed by Defendant. Therefore, Defendant shall notify all such successors-in-interest or potential successors-in-interest of the existence and terms of this Decree by providing them with a copy of the Decree prior to the any sale, acquisition, or merger of the company. This paragraph shall not limit any remedies available under the terms of this Decree pertaining to a violation of breach of this Decree.

26. Neither the EEOC nor Defendant shall contest the validity of this Decree nor the retained and continuing jurisdiction of the U.S. District Court to enforce this Decree and to permit entry of such further orders or modifications the Court finds necessary or appropriate.

27. All reports, notices, and acknowledgments required by this Decree to be provided to the EEOC shall be sent to Connie W. Gatlin, Senior Trial Attorney, or her designee, at the Equal Employment Opportunity Commission, 1919 Smith St., 6th Floor, Houston, Texas 77002, connie.gatlin@eeoc.gov, by U.S. mail or email or by utilizing the particular format or method specified in the relevant paragraph of this Decree or otherwise designated by the EEOC.

28. All time periods referenced in this Decree shall be measured in calendar days unless otherwise noted.

29. If any provision of this Decree is held to be invalid, the remaining provisions shall remain enforceable.

30. Each party to this action shall bear its own costs and attorney's fees. SO ORDERED, ADJUDGED AND DECREED this 26th day of March, 2021.



THE HONORABLE CHARLES ESKRIDGE
UNITED STATES DISTRICT COURT JUDGE

APPROVED AND ENTRY REQUESTED:

FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

/s/ *Connie W. Gatlin*
CONNIE W. GATLIN,
Senior Trial Attorney
Texas Bar No. 00792916
S. D. Tex. No. 23624
connie.gatlin@eeoc.gov
Equal Employment Opportunity Commission
Houston District Office
1919 Smith St., 6th Floor
Houston, Texas 77002
Phone: (346) 327-7710 (direct)
Fax: (713) 651-7995

FOR DEFENDANT BURROW GLOBAL SERVICES, LLC:

/s/ *W. Jackson Wisdom*, by permission, CWG
W. Jackson Wisdom
Texas Bar No. 21804025
S.D. Tex. No. 13756
wisdom@mdjwlaw.com
Nathan Wesely
Tex. Bar No. 21193200
S.D. Tex. No. 9452
wesely@mdjwlaw.com
Martin, Disiere, Jefferson & Wisdom, LLP
808 Travis, Suite 1100
Houston, Texas 77002
Phone: (713) 632-1700
Fax: (713) 222-0101